# In the United States District Court
# for the Southern District of Georgia
# Augusta Division

On appeal from

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 11-11522 |
| | * | (Chapter 11) |
| W.T. LAMB and MARIAN R. LAMB, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| | * | |
| FIRST BANK OF GEORGIA, | * | |
| | * | |
| Appellant, | * | CV 112-011 |
| | * | |
| v. | * | |
| | * | |
| W.T. LAMB and MARIAN R. LAMB, | * | |
| | * | |
| | * | |
| Appellees. | * | |

## ORDER

Presently before the Court is First Bank of Georgia's appeal from Bankruptcy Court Judge Susan D. Barrett's order denying First Bank of Georgia's Motion to Dismiss the Appellees' Chapter 11 bankruptcy case. Dkt. No. 1, Att. No. 30. For the reasons stated below, the bankruptcy court's order is **AFFIRMED**.[1]

---

[1] Neither party has requested oral argument on this appeal. The Court finds that "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8012. Accordingly, the Court will rule on this matter without oral argument.

AO 72A
(Rev. 8/82)

**BACKGROUND**

On appeal from the bankruptcy court is an order denying the Appellant's motions for dismissal of three separate Chapter 11 bankruptcy cases. Dkt. No. 1, Att. No. 30. The three Chapter 11 bankruptcy cases are (1) <u>First Bank of Georgia v. W.T. Lamb & Marian R. Lamb</u>, Chapter 11 Case No. 11-11522, (2) <u>First Bank of Georgia v. L.P.B. Properties, Inc.</u>, Chapter 11 Case No. 11-11523, and (3) <u>First Bank of Georgia v. Judith L. Bostick</u>, Chapter 11 Case No. 11-11543. The three cases were analyzed in one order by the bankruptcy court because - as has been stated by all concerned - the parties are so inextricably woven that any analysis of one debtor's finances necessarily requires a review and analysis of the others. Dkt. No. 7 at 3 (Appellees' Brief); Dkt. No. 10-1 at 9 (Appellant's Brief).[2] Nevertheless, each chapter 11 case was appealed separately (1) <u>First Bank of Georgia v. W.T. Lamb & Marian R. Lamb</u>, Case No. 1:12-011, (2) <u>First Bank of Georgia v. L.P.B. Properties, Inc.</u>, Case No. 1:12-012, and (3) <u>First Bank of Georgia v. Judith L. Bostick</u>, Case No. 1:12-014. (collectively referred to as the "Debtors"). Therefore, while each case will be addressed independently, the Court will reference all three cases throughout this Order.

W.T. Lamb and Marian R. Lamb (the "Lambs" or the "Appellees") are a retired couple whose income consists of

---

[2] The Appellant filed nearly identical Motions to Dismiss in each of the Chapter 11 cases of the affiliated Debtors.

AO 72A
(Rev. 8/82)

earnings from real property and social security. Dkt. No. 1, Att. No. 30 at 2-3. Judith Bostick is the Lambs' daughter, and receives income from W.T. Lamb investments, real property, and distributions from various businesses.[3] Id. at 3. L.P.B. Properties is a privately held Georgia corporation which is wholly owned by the Lambs and Judith Bostick. Id. at 2.

The Lambs testified at their § 341 meetings that their financial difficulties resulted from a decline in the real estate market. Id. at 3. Their financial status is one described by the bankruptcy court, and acknowledged by the Lambs, as land rich and cash poor. Id. This label is evidenced by the Lambs attempts to sell portions of their land but inability to obtain offers. Id. About one year prior to filing for bankruptcy, the Lambs experienced cash flow problems and began liquidating assets in an effort to generate positive cash flow. Id. at 4.

Ultimately, however, the Lambs were unable to pay their obligations as they came due. As a result, the Appellant, a secured creditor, accelerated over $9,000,000.00 in debt from the Lambs. In the notice of acceleration, the Appellant advised the Lambs that if the entire amount of the accelerated indebtedness was not paid within ten days the Appellant would seek collection of approximately $1,500,000.00 (or 15%) in

---

[3] Mr. Lamb is the father of Judith Bostick, Mrs. Lamb is her step-mother.

AO 72A
(Rev. 8/82)

3

statutory attorney's fees pursuant to O.C.G.A. § 13-1-11.  The
Lambs testified that this letter was not the only factor as to
why they were having financial difficulties, but it was what
sent them over the edge. Dkt. No. 1, Att. No. 30 at 13.

On August 5, 2011, within the ten day period, the Lambs
filed the instant Chapter 11 case, together with other
affiliated Chapter 11 and Chapter 7 entities.  On October 28,
2011, the Appellant moved the bankruptcy court to dismiss the
Lambs' Chapter 11 petition for cause pursuant to 11 U.S.C. §
1112(b).  The appellant argued that the petition was filed in
bad faith because the purpose of the filing was to avoid
liability for attorney's fees. Dkt. No. 1, Att. No. 13.  This
motion was denied orally on the record at a hearing held on
December 9, 2011, Dkt. No. 1, Att. No. 23, and supplemented by a
written order on January 25, 2012. Dkt. No. 1, Att. No. 30.[4]  The
Appellant has appealed this order.

**STANDARD OF REVIEW**

Appellant seeks review of the bankruptcy court's order
denying Appellant's motion for dismissal of the Appellees'
pending Chapter 11 case pursuant to 11 U.S.C. § 1112(b).
Dismissals pursuant to § 1112(b) are reviewed under an abuse of
discretion standard.  In re Pegasus Wireless Corp., 391 F. App'x

---

[4] The written order was supplemented on January 26, 2012 in order to correct a typographical error.

802, 802 n.2 (11th Cir. 2010) (citing In re Bal Harbour Club, Inc., 316 F.3d 1192, 1194-95 (11th Cir. 2003)). Under this standard, "[a] bankruptcy judge abuses [her] discretion if [she] fails to apply the correct legal standard or [her] factual findings are clearly erroneous." In re Celotex Corp., 227 F.3d 1336, 1338 (11th Cir. 2000).

**DISCUSSION**

Section 1112(b) of the Bankruptcy Code permits dismissal of a bankruptcy case for cause. A case under Chapter 11 may be dismissed for cause pursuant to § 1112 of the Bankruptcy Code if a petition was not filed in good faith. Albany Partners Ltd. v. Westbrook (In re Albany Partners, Ltd.), 749 F.2d 670, 674 (11th Cir. 1984). The Eleventh Circuit has stated that in this context there is "no particular test for determining whether a debtor has filed a petition in bad faith." Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va., (In re Phoenix Piccadilly, Ltd.), 849 F.2d 1393, 1394 (11th Cir. 1988). Rather, courts may consider "any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." Id. (quoting In re Albany Partners, Ltd., 749 F.2d at 674).

AO 72A
(Rev. 8/82)

Furthermore, in the Eleventh Circuit several factors have been enumerated as pertinent to determining whether a case was filed in bad faith. These factors include: (1) whether the debtor is a so-called single asset debtor; (2) whether the debtor has relatively few unsecured claims whose claims are small in relation to those of secured creditors; (3) whether the debtor has a limited number of employees; (4) whether the asset of the debtor is subject to a pending foreclosure action as a result of arrearages on the indebtedness; (5) whether the debtor's financial problems involve largely a dispute between the debtor and secured creditors which can be resolved in a pending state court action; and (6) whether the timing of the debtor's filing evidences an attempt to delay or frustrate the legitimate efforts of the secured creditors to enforce their rights. In re Vallambrosa Holdings, L.L.C., 419 B.R. 81, 85 (Bankr. S.D. Ga. 2009) (citing In re Phoenix Piccadilly, Ltd., 849 F.2d at 1394).

As a preliminary matter, the Appellant states that it does not challenge the bankruptcy court's findings of fact. Dkt. No. 10-1 at 8. Notably, a determination of bad faith is a question of fact that is made on a case-by-case basis. In re Roan Valley, L.L.C., 2009 WL 6498188, at *4 (Bankr. N.D. Ga. Nov. 25, 2009); see also In re Sweat, 428 B.R. 917, 920 (Bankr. M.D. Ga. 2010) ("Good faith is a finding of fact . . . determined by the

6

totality of the circumstances.") (internal citations omitted); In re Smith, 243 B.R. 169, 194 (Bankr. N.D. Ga. 1999) (noting that "the presence or absence of bad faith is a question of fact"). Setting aside Appellant's apparent acceptance of the ruling which it now appeals, this Court is satisfied that the bankruptcy court's determination that the Appellees did not file in bad faith was proper, and not an abuse of discretion.

Indeed, the Court has reviewed the bankruptcy court's order and concludes that it correctly determined that the evidence established that the Appellees' did not file the bankruptcy action in bad faith. First, the bankruptcy court noted that this is not a single asset case. Dkt. No. 1, Att. No. 30 at 9. Next, the bankruptcy court correctly pointed out that this case is not just a dispute between the Appellant and the Appellees, but rather, that several other secured and unsecured creditors existed. Id. The bankruptcy court also noted that the Appellees do not have employees. Id.

Thus, the bankruptcy court surmised that the most relevant factor in this case was whether the timing of the Appellees' filing demonstrates an intent to delay or frustrate the legitimate efforts of the Appellees' secured creditors from enforcing their rights. Id. The bankruptcy court ultimately concluded that at the time of filing, each respective Debtor was in financial distress and filed bankruptcy for the legitimate

purposes of preserving equity and allowing for an orderly distribution of their property to creditors. Id. at 15. The record supports this conclusion.

On appeal, the Appellant attempts to frame the issue as determining whether filing for bankruptcy solely to avoid paying statutory attorney's fees pursuant to O.C.G.A. § 13-1-11 evinces bad faith. Appellant's argument in this regard is belied by its acceptance of the bankruptcy court's finding of fact that the Appellees' did not file for bankruptcy solely for this reason. In fact, the Appellant went so far as to cite a portion of the bankruptcy court's oral ruling which made this finding:

> . . . there is no doubt that these debtors individually were suffering liquidity issues. They were involved in trying to make their debts. The Lambs both had liquidated approximately $70,000 of assets to be able to make their obligations. Ms. Bostick has sold a car, had sold land, had sold an IRA, had sold timberland, she was involved in a divorce, and they were all having difficulties in making their obligations. They all acknowledged that the 13-1-11 letter is what sent them over the edge but they were all having financial difficulties, and the 13-1-11 letter in fact shows that you are having financial difficulties. There was a default. They were trying to work it out with the various lenders and for whatever reason that failed but I am not finding that that reaches to the level of bad faith. **The 13-1-11 was one of the factors but it wasn't the only factor.** They were having liquidity issues. The land rich and cash poor comes to mind. I think it has been said several times at the hearings and it certainly was said at the Lambs' 341 hearings on there. **So I am finding that the timing by the 13-1-11 is what finally drove them to file. It was not the only event.**

AO 72A
(Rev. 8/82)

Dkt. No. 10-1 at 8-9 (citing Dec. 9, 2011 Transcript). However, the Court notes that even if the Appellant had contested this finding, the Court finds that the bankruptcy court did not abuse its discretion in making it.

In a similar vein, the Appellant argues that because the Lambs possessed sufficient assets to eventually pay all creditors they did not have a proper bankruptcy purpose for using Chapter 11. Dkt. No. 10-1 at 7. Indeed, the Appellant goes to great lengths to argue that each Debtor on appeal was solvent when they filed for bankruptcy. Insolvency, however, is not a requirement for filing bankruptcy. See In re Liptak, 304 B.R. 820, 832 (Bankr. N.D. Ill. 2004) ("It is true that insolvency is not a requirement for filing a bankruptcy case under any Chapter."); In re Marshall, 300 B.R. 507, 510 (Bankr. C.D. Cal. 2003) ("As a statutory matter, it is clear that the bankruptcy law does not require that a bankruptcy debtor be insolvent, either in the balance sheet sense (more liabilities than assets) or in the liquidity sense (unable to pay the debtor's debts as they come due), to file a chapter 11 case or proceed to the confirmation of a plan of reorganization."); In re The Bible Speaks, 65 B.R. 415, 426 (Bankr. D. Mass. 1986) (finding that debtors are not required to be insolvent before filing). Nor is it the sole factor in determining whether or not a petition was filed in good faith as Appellant's argument

suggests. This is because "[a]lthough a debtor's assets may exceed liabilities, the debtor's income or cash flow may be insufficient to pay those debts as they become due. Such debtor is, nevertheless, financially distressed because of the inability to pay." In re Watkins, 210 B.R. 394, 399 (Bankr. N.D. Ga. 1997).

The bankruptcy court found that based on the evidence it was apparent that each of the Debtors was having difficulties in meeting their financial obligations. Dkt. No. 1, Att. No. 30 at 13. Even though the Debtors were arguably solvent on paper when the petitions were filed, they still had liquidity issues and were unable to pay their debts as they came due. Id. In an effort to meet their financial obligations, the Debtors liquidated assets. Id. However, despite these efforts, the Debtors simply did not have the ability to meet their financial obligations. Thus, the bankruptcy court's determination that the Debtors were "financially distressed" is amply supported by the record.

Appellant also cites a Third Circuit opinion, In re Integrated Telecom Express, Inc., 384 F.3d 108 (3d Cir. 2004), which it states is "compelling and must govern the present case." Dkt. No. 10-1 at 17. However, the Court need not look further than the issue on appeal in that case to distinguish it from the case *sub judice*. Namely, in In re Integrated Telecom

Express, Inc., the debtor was *financially healthy* and filed for bankruptcy *solely* to take advantage of a provision in the Bankruptcy Code that limits claims on long-term leases. Here, the Appellees were in financial distress and did not file for bankruptcy solely because of the O.C.G.A. § 13-1-11 letter. 384 F.3d at 112. Thus, the Third Circuit's opinion in <u>In re Integrated Telecom Express, Inc.</u> does not govern the present case.

In sum, the bankruptcy court's determination that the Lambs did not file for bankruptcy in bad faith was not an abuse of discretion. Accordingly, the bankruptcy court's denial of Appellant's motion to dismiss for cause pursuant to 11 U.S.C. § 1112(b) was proper.

**CONCLUSION**

For the reasons stated above, bankruptcy court's order is **AFFIRMED**. The clerk of court is instructed to **DISMISS** the appeal.

**SO ORDERED**, this 29th day of May, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA